[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO CITE IN PARTY DEFENDANT (#132)
CT Page 7309
 I FACTS AND PROCEDURAL HISTORY
This case arises out of personal injuries sustained by the minor plaintiff, Katiria DeJesus, on August 2, 1998, when she slipped and fell from a non-enclosed balcony on the exterior of her second floor apartment.[1] On August 8, 2000, DeJesus' mother and next friend, Carmen Aponte, individually and on behalf of DeJesus, filed a six count complaint (operative complaint) alleging the following facts. Counts one and two were brought against Ellen J. Smith for negligence, alleging that she was in possession and control of the premises where DeJesus was injured. Counts three and four were brought against Steven Knower, as receiver of rents, for negligence, alleging that he was in possession and control of the premises. Counts five and six were brought against Investors Management Associates, Inc. (IMA), for negligence, alleging that it was in possession and control of the premises.[2]
On November 2, 2000, DeJesus[3] filed a motion for permission to sue IMA as the receiver of rents. On November 17, 2000, IMA filed an objection and submitted a memorandum of law in support of its objection. On April 18, 2001, this court, Foley, J., denied DeJesus' motion for permission to sue IMA as the receiver of rents because Dejesus never sought permission from the court to initiate suit, verify the name of the actual receiver of rents or join in the action in which the receiver of rents, IMA, was appointed. DeJesus v. Smith, Superior Court, judicial district of Windam at Putnam, Docket No. 063771 (April 18, 2001, Foley,J.). In addition, this court, Foley, J., also granted IMA's motion for summary judgment on counts five and six of DeJeusus' operative complaint, noting that "no suit may be initiated against a receiver of rents, absent statutory authority, without the permission of the court that appointed the receiver." DeJesus v. Smith, supra, Superior Court, Docket No. 063771.
Nearly ten months later, on February 5, 2002, DeJesus filed the present motion[4] seeking to cite IMA as a defendant in the underlying lawsuit. On March 1, 2002, IMA filed an objection to DeJesus' motion and submitted a memorandum of law in support of its objection. To date, DeJesus has not responded to IMA's objection.
 II DISCUSSION CT Page 7310
IMA argues in its memorandum in opposition to DeJesus' motion that because its motion for summary judgment was granted, DeJesus does not have permission to sue IMA as the receiver of rents. In addition, IMA argues that because DeJesus moves to cite IMA as a defendant three and half years after the date of its alleged negligence, DeJesus' motion is untimely under General Statutes § 52-584.[5]
In the present action, DeJesus alleges in her motion that IMA's negligence occurred on August 2, 1998. General Statutes § 52-584
allows a plaintiff who has sustained personal injuries caused by another's negligence to bring her action "within two years from the date when the injury is first sustained or discovered. . . ." Because DeJesus' present motion is brought over three and half years after the date when DeJesus first sustained injuries, her motion is untimely under §52-584. Even if this court applied the three year time exception provided by § 52-584, DeJesus' present motion is still untimely, as the date of IMA's alleged negligence is August 2, 1998. Moreover, this court through its previous decision[6] denied DeJesus' prior motion for permission to sue IMA as the receiver of rents and granted IMA's motion for summary judgment as to counts five and six of DeJesus' operative complaint. of importance, counts five and six are again presented to this court in DeJesus' present motion. Thus, this court finds that no matter how DeJesus styles her present motion it still seeks the same relief that this court previously denied. See DeJesus v. Smith, supra, Superior Court, Docket No. 063771.
 ORDER
For the foregoing reasons, DeJesus' motion to cite IMA as a party defendant is denied.
Francis J. Foley, III Judge of the Superior Court